

**IN THE**

**TENTH COURT OF APPEALS**

**No. 10-15-00182-CV**

**CAPSTONE BUILDING CORPORATION,**

**Appellant**

 **v.**

**IES COMMERCIAL, INC.,**

**Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 1326476A**

# ORDER

IES filed a motion for rehearing. In it, they stress two alleged errors by this Court. First, IES asserts that the Court unduly limited the use of the recitals in the previous settlement agreement when considering the "subject matter" of the agreement. Second, IES asserts that the Court failed to consider that other "grounds" about which Capstone did not complain on appeal would have the effect of making the indemnity issue moot. We deny IES's motion for rehearing.

We note that the Court issued only a memorandum opinion. As such, it was not necessary to engage in an exhaustive discussion of the law regarding indemnity, settlements, and the use and incorporation of recitals in contracts. We thought it was sufficient to note that even as provisions of the contract by incorporation the recitals did not establish as a matter of law that the "subject matter" of the previous settlement agreement included claims thereafter made by Sam Houston State University for which Capstone then sued IES as a third party defendant and for indemnity. In a memorandum opinion reversing a summary judgment, the Court found it was unnecessary to point to all the evidence that shows that a fact issue exists on the scope of the "subject matter" being resolved by the settlement agreement.

We now move to the second alleged "error" stressed by IES in its motion for rehearing: that the breach of contract ground provided an independent basis for affirming the judgment. The reversal on the indemnity issue necessarily subsumes the breach of contract claim, if, as argued by IES, it is an independent ground upon which to affirm the trial court's judgment. To suggest on the summary judgment record before the trial court that there is not some evidence that IES breached the subcontract, or of the negligence of IES in performing the work, does not give sufficient breadth to the role of the fact finder's ability to draw inferences from the evidence.

Although we have briefly responded to two of IES's arguments raised in its motion for rehearing, we feel it unnecessary to address all the nuances of these arguments and

other issues, some of which are made for the first time in the motion or which are significantly expanded upon therein. The memorandum opinion was not designed to be a legal treatise on the issues but was designed to be sufficient to inform the parties who are already familiar with the facts and the law of our decision and the reasons for it. TEX. R. APP. P. 47.4.[1]

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion denied
Order issued and filed July 6, 2016



---

[1] IES may have read more into the opinion than what it actually addresses. The opinion was brief and focused on a narrow issue and should not be used to expand the Court's judgment which resolves the issues properly presented and necessary for a disposition of the appeal.